# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

KEVIN HENDERSON                                                                                PLAINTIFF

v.                                                           CIVIL ACTION NO. 3:11CV-P264-H

R. DAVID STENGAL, *et al.*                                                DEFENDANTS

## MEMORANDUM OPINION

Kevin Henderson, an inmate currently incarcerated at the Kentucky State Reformatory in LaGrange, Kentucky, filed this 42 U.S.C. § 1983 action against R. David Stengel, Jack Conway, and Mike O'Connell. Plaintiff sues Defendants in both their official and individual capacities. He is seeking injunctive relief in the form of "awarding rights in criminal complaint."

Plaintiff indicates that in 1998, he and another man, Cedric O'Neal, were jointly tried and convicted in Jefferson Circuit Court of causing the death of Quinton Cedric. Plaintiff states that on December 13, 2001, O'Neal gave an affidavit swearing "that the statements and testimony given on May 26, 1998, in a joint jury trial are false and untrue as it relates to the involvement of Kevin Henderson [Plaintiff], being involved in the crime that was committed on August 20, 1997 resulting in the death of one Quinton Hammond."

Plaintiff states that after unsuccessfully challenging his criminal conviction on the basis of this "new evidence," he filed "a criminal complaint along with a motion for a warrant or summons on his codefendant for perjury in these hearings in the record." The gist of Plaintiff's complaint is that Defendants have failed to act on Plaintiff's criminal complaint against O'Neal for perjury. He maintains that he has a constitutional right to have his criminal complaint processed. He explains, "such nonfeasance and clear dereliction of duty in clear violation of numerous and clear constitutional rights afforded by not performing ethical duties."

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, this action will be dismissed because it is clear from the face of Plaintiff's complaint, that he has failed to state a claim for relief.

"[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (quoting *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Simply put, Plaintiff cannot compel a criminal prosecution of O'Neal. As such, he cannot maintain a § 1983 action against Defendants for failing to act on his criminal complaint.

For these reasons, the Court concludes that this action must be dismissed for failure to state a claim upon which relief may be granted. The Court will enter an Order of dismissal consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
 Defendants
4412.008